### DOCKET NO. 889

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*IN RE ASEPTIC VIAL AND CAP PATENT LITIGATION*

JUL 31 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

Capitol Vial, Inc., et al. v. Heinke Technology, Inc., D. Nebraska, C.A. No. 90-L-449
Capitol Vial, Inc., et al. v. Lincoln Suppliers, Inc., D. Minnesota, C.A. No. 90-CV-580

*BEFORE JOHN F. NANGLE,* CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### ORDER DENYING TRANSFER

This litigation consists of the two above-captioned actions pending in the District of Nebraska and the District of Minnesota, respectively. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Capitol Vial, Inc. and Robert S. Abrams, plaintiffs in both actions, to transfer the Nebraska action to the District of Minnesota for coordinated or consolidated pretrial proceedings with the action pending there. The Nebraska defendant opposes the motion.

On the basis of the papers filed,[1] the Panel finds that given the minimal number of actions in this litigation, movants have not demonstrated that any common questions of fact are so complex and any accompanying discovery so time-consuming to justify Section 1407 transfer. We also find that suitable alternatives to Section 1407 are available as a means of minimizing the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for transfer of the action pending in the District of Nebraska be, and the same hereby is, DENIED.

FOR THE PANEL:

*S. Hugh Dillin*
*Acting Chairman*

---

* Judges Nangle and Pollak took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of the action under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).